IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SIDNEY V. BARKER, ET AL,

        Plaintiffs,

v.                                              CIVIL ACTION NO. 2:07-cv-0815

JOHN A. KING, D.O.; DAVID McNAIR;
TEAYS VALLEY HEALTH SERVICES, INC. (now LLC),
d/b/a PUTNAM GENERAL HOSPITAL;
HCA, INC.; HEALTHTRUST, INC. –
THE HOSPITAL COMPANY, a Foreign
Corporation; and HOSPITAL CORP, L.L.C.;
WRIGHT MEDICAL TECHNOLOGY, INC.;
ROBERT EDWARDS aka BOB EDWARDS;
and EBI L.P.,

        Defendants.

**MOTION TO LIFT STAY IN ORDER TO PERMIT INDIVIDUALS REPRESENTED BY THE LAW FIRM OF CURRY & TOLLIVER TO CONSUMMATE SETTLEMENTS WITH DAVID MCNAIR, TEAYS VALLEY HEALTH SERVICES, INC. (now LLC), D/B/A PUTNAM GENERAL HOSPITAL, HCA, INC., HEALTHTRUST, INC. – THE HOSPITAL COMPANY, AND HOSPITAL CORP., LLC**

On December 20, 2007, this Honorable Court conducted a case management conference with counsel for all parties. After that hearing, the Court issued, on December 21, 2007, an Order which provided, in part, as follows:

> 6. That this lead action, and all cases falling within the mass removal, be, and they hereby are, stayed pending further order;
>
> 7. That counsel be, and they hereby are, directed to move for relief from the stay if they contemplate filing anything beyond the aforementioned remand briefing and Rule 7.1 disclosures;

Subsequent to the issuance of the stay of proceedings by this Court, the individuals represented by the law firm of Curry & Tolliver have negotiated a settlement of their claims against David McNair, Teays Valley Health Services, Inc. (now LLC), d/b/a Putnam General

Hospital, HCA, Inc., Healthtrust, Inc. – The Hospital Company, and Hospital Corp., LLC. In order to complete the settlement of these claims, the following individuals move the court for relief from the stay so that they may file the following documents and conduct the following proceedings to complete the settlement process:

1.  The cases of John Higginbotham, Executor of the Estate of Herman Higginbotham v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00902, Chris Linville, Administrator of the Estate of Cora Linville v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00885 and Letha May Christian Johnson, Executrix of the Estate of Cleasby Orntny Johnson v. John A. King, DO, et al, Federal Civil Action No. 2:07-cv-00863 involve wrongful death actions brought pursuant to the provisions of W.Va. Code §55-7-5 and § 55-7-6. While there are no infant beneficiaries entitled to recovery under the West Virginia Wrongful Death Act, court approval of these settlements are nonetheless required pursuant to the provisions of W.Va. Code § 55-7-7.

2.  John Hansorth originally brought suit seeking recovery of damages as a result of medical malpractice by John A. King, DO. Subsequent of the filing of that suit Mr. Hansroth died. His suit was not revised as a wrongful death claim and is not being pursued as such. It only seeks damages for his injuries from the time of his surgery until his death. That case is now styled Lisa Hansorth, Administratrix, C.T.A. of the Estate of John Hansroth, et al. v. John A. King, DO, et al., Federal Court Civil Action No. 2:07-cv-00875. Because no wrongful death action has been brought, it is not necessary to seek court approval of this case under the provisions of West Virginia Code § 55-7-7. Nonetheless, this case contains claims for loss of parental consortium (unrelated to Mr. Hansroth's death) that are being pursued by Mr. Hansroth's infant children, Kaitlyn Hansroth, Hunter Hansroth, and Christopher Hansroth.

S:\Clt_file\k\KING.1\Bankruptcy-Removal to Federal Court\Mtn to Lift stay to permit plaintiffs to consummate settlement.doc

2

Because these infants are entitled to some portion of the settlement proceeds, it is necessary to file a petition with the court asking for the appointment of a guardian *ad litem* for Mr. Hansroth's children along with a request seeking court approval of the settlement of these infant loss of consortium claims. The stay needs to be lifted for this purpose.

3. The cases of <u>Lisa Coiner, Stephen Coiner and Jarrod Coiner, a minor under the age of 18 who sues by his father Steven Coiner v. John A. King, DO, et al.</u>, Federal Civil Action No. 2:07-cv-00837, <u>Marvin Goodpaster, Linda Goodpaster, and Emily Goodpaster and Tyler Goodpaster, minors under the age of 18 years, who sue by their mother, Linda Goodpaster v. John A. King, DO, et al.</u>, Federal Civil Action No. 2:07-cv-00873, <u>David Holestin, Amber Holestin and Dalton Holestin, a minor under the age of 29 years, who sues by his mother, Amber Holestin v. John A. King, DO, et al.</u>, Federal Civil Action No. 2:07-cv-00839, <u>Katherine Rutledge, aka Kathryn Rutledge, Barry Rutledge, and Katie Rutledge, a minor under the age of 18 years, who sues by her father, Barry Rutledge v. John A. King, DO, et al.</u>, Federal Civil Action No. 2:07-cv-00910, <u>Carrie Triplett, Mark Triplett, Madeline Triplett and William Triplett, minors under the age of 18 years, who sue by their father, William Triplett v. John A. King, DO, et al.</u>, Federal Civil Action No. 2:07-cv-00929, all involve loss of parental consortium claims by minors under the age of 18 years of age. Because minors are involved in pursuing loss of consortium claims, it will necessitate the appointment of a guardian *ad litem* and Court approval of the infant's claim. The stay needs to be lifted for this purpose.

4. The case of Madelyn Murphy involves a minor under the age of 18 years, who sues by her parents, <u>April Murphy and Matthew Murphy, and April Murphy and Matthew Murphy, in their own right v. John A. King, DO, et al.</u>, Federal Civil Action No. 2:07-cv-00901.

S:\Clt_file\K\KING, J\Bankruptcy-Removal to Federal Court\Mtn to Lift stay to permit plaintiffs to consummate settlement.doc

3

Because she is a minor it will necessitate the appointment of a guardian *ad litem* and court approval of the infant's claim. The stay needs to be lifted for this purpose.

5. In each of the following cases the plaintiff has filed for bankruptcy in the United States Bankruptcy Court for the Southern District of West Virginia: Philip Fortner, et al. v. John A. King, et al., Federal Civil Action No. 2:07-cv-00823, Dustin Meadows v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00898, Michael Searls v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00911, Katherine Rutledge, et al. v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00910, Charlotte Whitten, Administratrix of the Estate of Kenneth P. Whitten v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00835, and Fred Leffingwell, et al. v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00882. The law firm of Curry & Tolliver, in each of those cases, has been appointed by the Trustee to pursue that claim on behalf of the bankruptcy court. The Bankruptcy Trustees have informed Curry & Tolliver that they will approve the settlements of these cases but it will be necessary to file appropriate petitions in bankruptcy court seeking written approval to consummate the settlements. The stay needs to be lifted for this purpose.

6. The case of Regina Bird v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00818 and Steven Dingess v. John A. King, DO, et al., Federal Civil Action No. 2:07-cv-00820 involve personal injury actions originating with surgical procedures performed on them by John A. King, DO. Counsel for Ms. Bird and Mr. Dingess has questions regarding their competency, ability to understand the settlement process, and the knowledge to adequately make determinations as to the manner in which any settlement proceeds should be used. Because of these issues, plaintiffs' counsel believes that a petition seeking approval of the settlement, and

S:\Clt_file\k\KING.1\Bankruptcy-Removal to Federal Court\Mtn to Lift stay to permit plaintiffs to consummate settlement.doc

4

the appointment of a guardian *ad litem* for both Ms. Bird and Mr. Dingess is in the best interests of the parties. The stay needs to be lifted for this purpose.

7. In addition to the above cases, it will be necessary to file with the court orders setting forth the dismissal of the claims in the following suits including claims directly between the plaintiffs and David McNair, Teays Valley Health Services, Inc. (now LLC), d/b/a Putnam General Hospital, HCA, Inc., Healthtrust, Inc. – The Hospital Company, and Hospital Corp., LLC as well as cross claims involving the same individuals and companies:

| | | |
|---|---|---|
| 1. | Karla Harper, as Administratirx of the Estate of Merle Baker v. John A. King, DO, et al. | 2:07-cv-00811 |
| 2. | Sidney V. Barker v. John A. King, DO, et al. | 2:07-cv-00815 |
| 3. | Fannie Bartram, et al. v. John A. King, DO, et al. | 2:07-cv-00850 |
| 4. | Brad Bell, et al. v. John A. King, DO, et al. | 2:07-cv-00816 |
| 5. | Sandra Booton v. John A. King, DO, et al. | 2:07-cv-00851 |
| 6. | Richard Burch v. John A. King, DO, et al. | 2:07-cv-00819 |
| 7. | James N. Cable v. John A. King, DO, et al. | 2:07-cv-00854 |
| 8. | Shane Carroll v. John A. King, DO, et al. | 2:07-cv-00856 |
| 9. | Jimmie D. Cavender v. John A. King, DO, et al. | 2:07-cv-00857 |
| 10. | John Clark, et al. v. John A. King, DO, et al. | 2:07-cv-00864 |
| 11. | Judy Cox, et al. v. John A. King, DO, et al. | 2:07-cv-00866 |
| 12. | Vicente Cruz v. John A. King, DO, et al. | 2:07-cv-00867 |
| 13. | Linda Dean, et al. v. John A. King, DO, et al. | 2:07-cv-00869 |
| 14. | James H. Eskins v. John A. King, DO, et al. | 2:07-cv-00821 |
| 15. | Bruce Fletcher v. John A. King, DO, et al. | 2:07-cv-00822 |
| 16. | Ruth S. Frye v. John A. King, DO, et al. | 2:07-cv-00824 |
| 17. | Peggy Hill v. John A. King, DO, et al. | 2:07-cv-00838 |
| 18. | Ronnie G. Jackson v. John A. King, DO, et al. | 2:07-cv-00825 |
| 19. | James Johnson, Jr., et al. v. John A. King, DO, et al. | 2:07-cv-00887 |
| 20. | David Justice v. John A. King, DO, et al. | 2:07-cv-00826 |
| 21. | Kathryn Kees v. John A. King, DO, et al. | 2:07-cv-00840 |
| 22. | Angela Knapp v. John A. King, DO, et al. | 2:07-cv-00880 |
| 23. | Dana Leisure v. John A. King, DO, et al. | 2:07-cv-00883 |
| 24. | Joshua Conrad Lewis, et al. v. John A. King, DO, et al. | 2:07-cv-00884 |
| 25. | Peggy Marcum, et al. v. John A. King, DO, et al. | 2:07-cv-00894 |
| 26. | James McDonald, et al. v. John A. King, DO, et al. | 2:07-cv-00893 |
| 27. | Pamela McGrew v. John A. King, DO, et al. | 2:07-cv-00895 |
| 28. | Nina Meadows, et al. v. John A. King, DO, et al. | 2:07-cv-00827 |
| 29. | Gregory Means v. John A. King, DO, et al. | 2:07-cv-00828 |
| 30. | Ronald Miller, Jr. v. John A. King, DO, et al. | 2:07-cv-00899 |
| 31. | Barbara Morris, et al. v. John A. King, DO, et al. | 2:07-cv-00829 |

S:\Clt_file\k\KING I\Bankruptcy-Removal to Federal Court\Mtn to Lift stay to permit plaintiffs to consummate settlement.doc

5

| | | |
|---|---|---|
| 32. | Bobbi Jo Muto v. John A. King, DO, et al. | 2:07-cv-00830 |
| 33. | Esther D. Newhart v. John A. King, DO, et al. | 2:07-cv-00904 |
| 34. | Sherry Nicholas, et al. v. John A. King, DO, et al. | 2:07-cv-00905 |
| 35. | Shelva Nunn v. John A. King, DO, et al. | 2:07-cv-00831 |
| 36. | Randy Peck v. John A. King, DO, et al. | 2:07-cv-00906 |
| 37. | Hazel Plumley, et al. v. John A. King, DO, et al. | 2:07-cv-00907 |
| 38. | Exie Redman, et al. v. John A. King, DO, et al. | 2:07-cv-00937 |
| 39. | Cynthia Reed v. John A. King, DO, et al. | 2:07-cv-00908 |
| 40. | Jeremy Rose v. John A. King, DO, et al. | 2:07-cv-00909 |
| 41. | Roberta Shock, et al. v. John A. King, DO, et al. | 2:07-cv-00913 |
| 42. | Dexter Smalley, et al. v. John A. King, DO, et al. | 2:07-cv-00915 |
| 43. | John Snyder v. John A. King, DO, et al. | 2:07-cv-00832 |
| 44. | Carol Sponaugle, et al. v. John A. King, DO, et al. | 2:07-cv-00833 |
| 45. | Everett Stover v. John A. King, DO, et al. | 2:07-cv-00925 |
| 46. | Gary Summers, et al. v. John A. King, DO, et al. | 2:07-cv-00924 |
| 47. | Karen Terry v. John A. King, DO, et al. | 2:07-cv-00926 |
| 48. | Susan Harrison, Executrix of the Estate of Dortha Thornton v. John A. King, DO, et al. | 2:07-cv-00927 |
| 49. | John Thornton v. John A. King, DO, et al. | 2:07-cv-00928 |
| 50. | Kenneth Vaughn v. John A. King, DO, et al. | 2:07-cv-00931 |
| 51. | Beth A. Walker v. John A. King, DO, et al. | 2:07-cv-00834 |
| 52. | Vickie Wilson, et al. v. John A. King, DO, et al. | 2:07-cv-00935 |
| 53. | Roy Workman v. John A. King, DO, et al. | 2:07-cv-00836 |

The stay needs to be lifted for this purpose.

## CONCLUSION

All of the individuals represented by the law firm of Curry & Tolliver, as well as the individuals represented by the law office of William Druckman, Armada, Rogers and Thompson, Tabor Lindsay & Associates and Strobel and Johnson, PLLC have asserted that these cases were improperly removed to Federal Court because this Court does not have subject matter jurisdiction over these claims. Additionally, all of the plaintiffs have asserted that even if this Court has subject matter jurisdiction, the Court should abstain from hearing these cases and remand them to the Circuit Court of Putnam County, West Virginia pursuant to the provisions of 28 U.S.C. § 1334(c)(1) or pursuant to 28 U.S.C. § 145(b). The Curry & Tolliver plaintiffs respectfully assert that if they are correct, and this Court does not have subject matter jurisdiction

S:\Clt_file\k\KING I\Bankruptcy-Removal to Federal Court\Mtn to Lift stay to permit plaintiffs to consummate settlement.doc

6

over these suits, then the Court has no authority to approve wrongful death settlements, infant claims, and competency issues nor does the Court have the right, power or authority to enter dismissal orders.

The Curry & Tolliver plaintiffs respectfully assert that these cases should be remanded back to the Circuit Court of Putnam County, West Virginia, so that the settlement of the above-referenced claims may be consummated and so that they may continue to pursue their remaining claims against John A. King, DO, Wright Medical Technology, Inc., Robert Edwards, aka Bob Edwards and EBI, LP. The settlement of the Curry & Tolliver plaintiffs' claims with David McNair, Teays Valley Health Services, Inc. (now LLC), d/b/a Putnam General Hospital, HCA, Inc., Healthtrust, Inc. - The Hospital Company, and Hospital Corp., LLC, will only dispose of the claims against those individuals and entities but in each suit the litigation will continue against the remaining defendant or defendants. The 50 remaining cases being handled by the firms of William Druckman, Arnada, Rogers & Thompson, Lindsay, Tabor & Associates, and Strobel & Johnson, PLLC are not affected by this settlement and those cases will continue forward against all defendants. In order to determine how the Curry & Tolliver settlements may be consummated, and the jurisdiction in which all the cases may be pursued, the Curry & Tolliver plaintiffs respectfully request that the Court enter an immediate Order ruling on the Motions to Remand and the Motions to Abstain presently pending before the Court so that prompt resolution of these claims may be had.

**PLAINTIFFS,
By counsel.**

_/s/ Arden J. Curry, II_

Arden J. Curry, II  (WV Bar #907)
Curry & Tolliver PLLC
P. O. Box 11866
Charleston, WV 25339
Tel: 304-343-7200
E-mail: john@currytolliver.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

SIDNEY V. BARKER, ET AL.,

        Plaintiffs,

v.                                              CIVIL ACTION NO. 2:07-cv-0815

JOHN A. KING, D.O.; DAVID McNAIR;
TEAYS VALLEY HEALTH SERVICES, INC. (now LLC),
d/b/a PUTNAM GENERAL HOSPITAL;
HCA, INC.; HEALTHTRUST, INC. –
THE HOSPITAL COMPANY, a Foreign
Corporation; and HOSPITAL CORP, L.L.C.;
WRIGHT MEDICAL TECHNOLOGY, INC.;
ROBERT EDWARDS aka BOB EDWARDS;
and EBI L.P.,

        Defendants.

## CERTIFICATE OF SERVICE

    I, Arden J. Curry, II, counsel for plaintiff, hereby certify that I electronically filed the foregoing document on March 12, 2008, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants by U.S. Mail:

| | |
|---|---|
| P. Gregory Haddad, Esquire<br>Bailey & Glasser<br>2855 Cranberry Square<br>Morgantown, WV 26508<br>Email: phaddad@baileyglasser.com<br>Phone: 304-594-0087<br>Fax: 304-594-9709<br>*Counsel for John A. King, DO* | Thomas G. Hurney, Esquire<br>Jackson Kelly PLLC<br>P. O. Box 553<br>Charleston, WV 25322-0553<br>Email: thurney@jacksonkelly.com<br>Phone: 304-340-1000<br>Fax: 304-340-1050<br>*Counsel for David McNair* |
| George A. Shannon, Jr., Esquire<br>Shannon, Martin, Finkelstein & Alvarado<br>2400 Two Houston Center<br>909 Fannin Street<br>Houston, Texas 77010<br>Email: gshannon@smfs.com<br>Phone: 713-646-5500<br>Fax: 713-752-0337<br>*Counsel for Teays Valley Health Services, Inc., HCA, Inc., Healthtrust, Inc. – The Hospital Company and Hospital Corp. L.L.C.* | Thomas R. Goodwin, Esquire<br>Goodwin & Goodwin, LLP<br>300 Summers Street, Suite 1500<br>Charleston, WV 25301<br>Email: trg@goodwingoodwin.com<br>Phone: 304-346-7000<br>Fax: 304-344-9692<br>*Counsel for Teays Valley Health Services, Inc., HCA, Inc., Healthtrust, Inc. – The Hospital Company and Hospital Corp. L.L.C.* |

| | |
|---|---|
| G. Kenneth Robertson, Esquire<br>Farmer, Cline & Campbell, PLLC<br>746 Myrtle Road<br>Charleston, WV 25314<br>Email: gkrobertson@fcclaw.net<br>Phone: 304-346-5990<br>Fax: 304-346-5980<br>*Counsel for Wright Medical Technology, Inc. and Robert Edwards* | Neva G. Lusk, Esquire<br>Spilman Thomas & Battle<br>P. O. Box 273<br>Charleston, WV 25321-0273<br>Email: nlusk@spilmanlaw.com<br>Phone: 304-340-3800<br>Fax: 304-340-3801<br>*Counsel for EBI, L.P.* |
| William S. Druckman, Esquire<br>Madonna C. Estep, Esquire<br>The Law Offices Of William S. Druckman<br>606 Virginia St. E., Ste 100<br>Charleston, WV 25301<br>Email: bill@druckmanlaw.com<br>Phone: 304-342-0367<br>Fax: 304-343-0099<br>*Counsel for Plaintiffs* | Paul M. Stroebel, Esquire<br>Stroebel & Johnson PLLC<br>P.O. Box 2582<br>Charleston, WV 25329<br>Email: sanstrobe@aol.com<br>Phone: 304-346-0197<br>Fax: 304-346-6029<br>*Counsel for Plaintiffs* |
| Richard D. Lindsay, MD, JD<br>Tabor Lindsay & Associates<br>P.O. Box 1269<br>Charleston, WV 25325<br>Email: drrichardlindsay@taborlindsay.com<br>Phone: 304-344-5155<br>Fax: 304-344-5188<br>*Counsel for Plaintiffs* | Frank M. Armada Esquire<br>Armada, Rogers & Thompson<br>3972 Teays Valley Rd.<br>Hurricane, WV 25526-9796<br>Email: farmada@mac.com<br>Phone: 304-757-2691<br>Fax: 304-757-2694<br>*Counsel for Plaintiffs* |

_____
Arden J. Curry, II (WV Bar No. 907)
Curry & Tolliver PLLC
P. O. Box 11866
Charleston, WV 25339
Telephone: (304) 343-7200
Fax: (304) 353-0344
E-mail: John@pcsv.com

S:\Clt_file\k\KING. I\Bankruptcy-Removal to Federal Court\Mtn to Lift stay to permit plaintiffs to consummate settlement.doc

9